IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES J. STEGGALL,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | 7:18CV5000<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, James Steggall ("Steggall") has moved for reconsideration of my ruling on summary judgment, arguing he should have been afforded an opportunity to respond to the supplemental expert opinions offered by Defendant in support of the motion before the court entered its ruling. For the reasons stated below, the motion will be denied.

Plaintiff's deadline for identifying experts was August 31, 2018, with an October 31, 2018 deadline for disclosing Plaintiff's expert opinions. (Filing No. 16, at CM/ECF p. 2). At the parties' request, (Filing No. 47), the summary judgment and *Daubert* motion deadlines were extended to January 31, 2019. (Filing No. 48). Defendant timely filed these motions, and Plaintiff timely responded. Plaintiff never filed a Rule 56(d) request for additional time to gather evidence to oppose Defendant's summary judgment motion, and he did not request additional time to disclose expert opinions.

The defendant moved to supplement its evidence in support of the summary judgment motion on April 2, 2019. (Filing No. 71). This supplemental documentation disclosed that, like the Plaintiff's medical experts who were cited in support of Defendant's motion, another of <u>Plaintiff's</u> experts, Raqeeb Haque, M.D., was recently deposed and would not opine that Plaintiff's back pain was causally related to his accident. Assuming Plaintiff properly and timely disclosed the opinions of his experts, from Plaintiff's perspective, Defendant's motion to supplement the summary judgment record could not have disclosed any new or unanticipated medical causation opinions.

Plaintiff failed to timely disclose to the court any opinions causally linking the accident to Plaintiff's back problems in response to Defendant's summary judgment. In addition, he failed to move under Rule 56(d) to secure the evidence responsive to the motion, he offers no explanation for failing to disclose the opinions of Tim Watt, M.D., a treatment provider for Plaintiff, with his response to Defendant's summary judgment motion, and he offers no plausible explanation under the Rules and this court's progression order for claiming the causation opinions of his own expert, Raqeeb Haque, M.D., came as a surprise, Plaintiff has therefore failed to show any prejudice arising from my consideration of the supplemental evidence offered by Defendant in support of the motion for summary judgment and such evidence did not open the door for Plaintiff to offer previously undisclosed and now untimely expert opinions. A contrary ruling would permit parties to ignore the expert disclosure deadlines in case progression orders, await a ruling on summary judgment and if unsuccessful, fill the evidentiary gaps identified in the court's order by untimely disclosing additional expert opinions as a basis for reconsideration.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion to reconsider, (Filing No. 73), is denied.
2) This case remains set for trial beginning on May 15, 2019, with the pretrial conference scheduled to be held on April 30, 2019 at 9:00 a.m. At the time of the pretrial conference, counsel shall be prepared to discuss why the court should not order a prompt settlement conference before an Omaha magistrate judge.

Dated this 11th day of April, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge